IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

MICHAEL HEATH THETFORD,
ANGEL CENTENO-MORALES,
NELSON R. ZAPATA-VICENTE,

           Plaintiffs,

v.                                Civil Action No. 1:20-CV-82
                                     (JUDGE KLEEH)

UNITED STATES OF AMERICA, *et al.*,

           Defendants.

**REPORT AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 5) BE DENIED**

      This matter is before the undersigned pursuant to a referral order (ECF No. 7) entered by Honorable United States District Judge Thomas S. Kleeh on May 4, 2020. On May 1, 2020, Plaintiff Michael Heath Thetford filed a Motion styled "Ex Parte TRO Motion" (ECF No. 5) requesting the Court to enter a temporary restraining order ("TRO") against "Defendant Roger Ware." (ECF No. 5 at 1). For the reasons stated herein, the undersigned **RECOMMENDS** Plaintiff's Motion (ECF No. 5) be **DENIED**.

                    I.        BACKGROUND AND PROCEDURAL HISTORY

      Plaintiffs Michael Heath Thetford, Angel Centeno-Morales, and Nelson R. Zapata-Vicente, individuals currently incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, initiated this action by filing a Complaint (ECF No. 1-1 at 3-52) in the Circuit Court of Preston County, West Virginia on March 17, 2020 (ECF No. 1-2 at 2), naming as Defendants Roger Ware, Alvin James Warrick, Colitha Patrice Bush, Ronald Bennett Shepherd, Tanya L. Richard, and Private Services. (ECF No. 1-1 at 3). In their Complaint, Plaintiffs allege against the Defendants violations of the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101 *et*

1

*seq*. ("WVCCPA"); Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c) *et seq*. ("RICO"); West Virginia Uniform Declaratory Judgment Act, W. Va. Code § 53-13-1 *et seq*.; and "various other violations of West Virginia statutes and torts." (ECF No. 1-1 at 3-4).

As part of their request for relief, Plaintiffs requested the Court to enter a preliminary injunction against Defendant Roger Ware, enjoining him from the following:

> a.) accessing Plaintiffs' PSRs" (pre-sentence investigation reports); b.) "further publishing, divulging, disclosing, or otherwise making known the contents of Plaintiffs' PSRs; c.) engaging in and causing others to engage in any tortious conduct directed towards or affecting Plaintiffs; d.) using insulting words directed towards Plaintiffs and causing others to use insulting words directed towards Plaintiffs; e.) engaging in and causing others to engage in any retaliatory conduct; f.) engaging in and causing others to engage in any conduct that obstructs, delays, or denies effective and meaningful access to this Court.

(ECF No. 1-1 at 49).

Defendant Roger Ware removed this action to the United States District Court for the Northern District of West Virginia by filing a Notice of Removal (ECF No. 1) on May 1, 2020. On the same day, Plaintiff filed a Motion (ECF No. 5) styled as an "Ex Parte TRO Motion" requesting a temporary restraining order be issued and Defendant Roger Ware be enjoined from various actions Plaintiff alleges Defendant is taking against him.

This action was referred to the undersigned by Order (ECF No. 7) of Referral entered by Honorable United States District Judge Thomas S. Kleeh on May 4, 2020. On the same day, the undersigned entered an Order (ECF No. 9) Regarding Substitution. Said Order (ECF No. 9) deemed Defendant Roger Ware a federal employee for purposes of this action and, as such, substituted the United States of America in place of Defendant Roger Ware for the purposes of defending Counts 1, 2, 3, 4, 5, 8, 9, 11, and 12. (ECF No. 9 at 1). Defendant Roger Ware remains

a Defendant to this action for the purposes of defending Count 6 of Plaintiff's Complaint as this is the sole Count asserted against Defendant Roger Ware in his individual capacity. Id.

Defendant United States of America filed a Response (ECF No. 12) in opposition to Plaintiff's Motion for Temporary Restraining Order on May 11, 2020. On May 14, 2020, Plaintiff filed a Motion for Writ of Habeas Corpus ad testificandum (ECF No. 20) requesting all Plaintiffs be brought before the Court for a hearing on his Motion for Temporary Restraining Order. Plaintiff Michael Thetford further filed an "Ex Parte Notice of Court-Access Obstructions" (ECF No. 21) on May 19, 2020, detailing further allegations against Defendant in relation to his Motion for Temporary Restraining Order ("TRO"). This matter has been fully briefed and is ripe for an Order on the merits.

## II.     CONTENTIONS OF THE PARTIES

### A. Plaintiff Michael Thetford's "Ex Parte TRO Motion" (ECF No. 5)

In his Motion (ECF No. 5) *pro se* Plaintiff Michael Thetford requests the Court to issue a temporary restraining order ("TRO") "against Defendant Roger Ware, restraining him, his agents, and all other persons acting in accord with him, from engaging in vindictive conduct or denying, obstructing, or otherwise failing to respect Plaintiff's exercise of constitutional . . . court-access rights." (ECF No. 5 at 1). Plaintiff contends that he would testify under oath "that he has experienced constant oppression, abuse, and harassment in FCI Hazelton as a result of Defendant Ware's dissemination of Thetford's sealed PSR" (pre-sentence investigation report). (ECF No. 5 at 4).

In further support of his Motion (ECF No. 5), Plaintiff contends he "will likely suffer imminent and irreparable injury if Defendant Roger Ware is not immediately restrained from engaging in witness tampering and retaliatory conduct while this suit is pending." (ECF No. 5 at

3

4). Plaintiff alleges his injury is "imminent because Defendant Ware has demonstrated a consistent pattern of violating laws and engaging in discriminatory conduct directed toward sex offenders during the preceding five years." (ECF No. 5 at 4-5). Plaintiff contends Defendant Ware "routinely engages in violent and threatening conduct" and "has no ethical inhibitions preventing him from issuing false incident reports." (ECF No. 5 at 5). Plaintiff alleges he was "denied the opportunity to prepare an affidavit" in support of this matter and averred such an affidavit would have set forth "numerous instances where Thetford observed Defendant Ware discriminate against sex offenders and at least one occasion where Defendant Ware retaliated against a sex offender causing him to be placed in the SHU without cause." Id.

Plaintiff's Motion (ECF No. 5) goes on to detail further allegations against other employees of FCI Hazelton, including Warden Paul Adams and Unit Manager Jose Rivera. These allegations include "witness tampering, retaliatory conduct, and obstructing court-access while this suit is pending" against Warden Paul Adams and further obstruction of court-access due to "lockdown conditions" as a result of the ongoing COVID-19 pandemic leading to Plaintiff's perceived inability to effectively litigate this action against Unit Manager Jose Rivera. (ECF No. 5 at 5-8).

Plaintiff claims there is "no adequate legal remedy at law because legal relief cannot be obtained without filing another lawsuit requesting a personal safety order against Defendant Ware" and Plaintiff contends it is "impossible to file a lawsuit because Plaintiff is denied access to financial data and notary services required to prepare a financial affidavit" due to the lockdown conditions at FCI Hazelton. (ECF No. 5 at 8). Plaintiff further contends that the "BOP's Administrative Remedy Program is illusory" due to the Warden's administration of the program being in inadequate in Plaintiff's view. Id. at 8-9.

4

Plaintiff contends there is a "substantial likelihood that Plaintiff will prevail on the merits because there is a mountain of evidence demonstrating that Defendant Roger Ware disseminated Plaintiff's sealed PSR to the FCI Hazelton inmate population." Id. at 10. Finally, Plaintiff contends that the "balance of equities" support the issuance of a temporary restraining order because the current court-access harms to Plaintiff and "the threatened harm to Plaintiff outweighs any harm that a temporary restraining order could inflict on Defendant Roger Ware." Id. at 11. Plaintiff also contends the public interest or public policy would not be adversely impacted by the issuance of a temporary restraining order. Id. at 11-12.

### B. United States of America's Response in Opposition (ECF No. 12)

Defendant, United States of America, first contends in their Response (ECF No. 12) that Plaintiff "has not adequately pled and cannot establish a cognizable request for a temporary restraining order." (ECF No. 12 at 5). First, Defendant argues that "it appears that Thetford is exclusively asserting claims through the TRO against all individuals named therein which would typically be asserted in a civil action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)." (ECF No. 12 at 6).

Further, Defendant argues that "Thetford's TRO goes beyond the nine (9) claims brought against Defendant Ware in his individual capacity set forth in the Civil Complaint" and asserts additional "individual capacity claims against Warden Paul Adams and Unit Manager Jose Rivera, both BOP employees not previously named as defendants in Plaintiffs' Civil Complaint." (ECF No. 12 at 5). Accordingly, Defendant argues that "Thetford's request for entry of a temporary restraining order against these individuals unnamed in the Civil Complaint must fail as this Court has no ability to grant injunctive relief against these unnamed individuals." Id. at 6.

5

Further, because "Thetford seeks a temporary restraining order against individual employees in their individual capacities", Defendant argues that the request for injunctive relief is "not cognizable against the employees individually." Id. In support, Defendant states that "*Bivens* liability implies 'an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally' (emphasis in original)" citing *Corr. Servs. Corp. v. Malesco*, 534 U.S. 61, 70 (2001). Id. In addition, Defendant asserts that "to the extent Thetford's TRO asserts claims for injunctive relief against any of the federal employees named therein in their official capacities, these claims must also be denied." (ECF No. 12 at 7). Because a "lawsuit against a federal government employee in his official capacity is generally construed as a lawsuit against the United States itself," the Defendant argues that the "United States of America cannot be sued without its permission" and therefore, this Court lacks subject matter jurisdiction absent consent to the suit and a waiver of sovereign immunity by the United States of America. Id.

Next, Defendant argues that even "if Thetford's request for a temporary restraining order was cognizable at all, Warden Paul Adams cannot be held liable personally and individually based purely on his position as supervisor." (ECF No. 12 at 9). In support, Defendant asserts that "a government official is only liable for his own personal misconduct" and a "supervisory *Bivens* defendant is not vicariously liable for the misconduct of subordinate employees" citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Id.

Last, Defendant argues that even "if Thetford's request for a temporary restraining order was cognizable at all, Thetford cannot prove that he is entitled to a temporary restraining order as he cannot make a 'clear showing' that he will suffer irreparable harm without it." (ECF No. 12 at 9). In support, Defendant contends that "Thetford has not set forth any evidence that he will suffer from 'irreparable harm' if the preliminary injunction is denied" nor has he explained "what

6

'irreparable harm' he will suffer if the TRO is not granted." (ECF No. 12 at 10). Defendant further argues that "granting the relief requested in Thetford's TRO would cause harm to the United States of America and would not be in the public interest" because entry of a "TRO in this instance could impinge upon the BOP's procedure and may affect the decision making responsibilities of BOP officials during the course of their employment." (ECF No. 12 at 10-11). For these reasons, Defendant requests the Court deny Plaintiff's request for a TRO.

### III.  LEGAL STANDARD

The standards governing the issuance of a preliminary injunction are well-established in the case law of the United States Court of Appeals for the Fourth Circuit. Under the law, "[f]our factors enter the determination: '(a) plaintiff's likelihood of success in the underlying dispute between the parties; (b) whether plaintiff will suffer irreparable injury if interim relief is denied; (c) the injury to defendant if an injunction is issued; and (d) the public interest.'" Berry v. Bean, 796 F.2d 713, 716 (4th Cir. 1986) (quoting North Carolina State Ports Authority v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979)). Similarly, Plaintiff must establish these four factors in order to obtain a temporary restraining order under the Fourth Circuit test. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-47 (4th Cir. 2009) (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008)).

The United States Court of Appeals for the Fourth Circuit has recognized that preliminary injunctions and temporary restraining orders are "extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. V. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1992)) (internal quotations omitted).

### IV.  ANALYSIS

First, as to the legal issue raised by Defendant, Plaintiffs' request for injunctive relief is cognizable and authorized against Defendant Roger Ware as a federal employee by 5 U.S.C. § 702, which operates as "a general waiver of the government's sovereign immunity from injunctive relief." Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, *1233 (10th Cir. 2005) (internal citation omitted). Further, prospective and preliminary injunctive relief are expressly authorized in civil actions with respect to prison conditions that violate the Federal rights of inmates. 18 U.S.C. § 3626(a)(2). However, the undersigned agrees with Defendants that Plaintiff's requests for injunctive relief against individuals unnamed in Plaintiff's Complaint (ECF No. 1-1 at 3-52), Warden Paul Adams and Unit Supervisor Jose Rivera, are not cognizable.

Next, the undersigned would note that Plaintiff initially filed for an *Ex Parte* Temporary Restraining Order. Federal Rule of Civil Procedure 65(b) authorizes the Court, in relevant part, to issue a temporary restraining order without notice to an adverse party when specific facts clearly show immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and the movant's attorney certifies in writing reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). Temporary restraining orders are expressly authorized in civil actions involving prison conditions. 18 U.S.C. § 3626(a)(2).

Although Plaintiff's motion for a temporary restraining order was timely when it was filed, the Court found the circumstances did not warrant issuance of a TRO without notice to the adverse party and directed the Defendant to respond (ECF No. 8). Accordingly, this matter has been fully briefed and the undersigned is of the opinion that no hearing is necessary in order to issue this Report and Recommendation. A temporary restraining order "should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local

No. 70 of Alameda County, 415 U.S. 423, *439, 94 S. Ct. 1113, **1124, 39 L.Ed. 2d 435 (1974). Accordingly, because the appropriate time for issuance of a temporary restraining order has passed, the undersigned now considers a preliminary injunction as to Plaintiff's request. Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** Plaintiff's Motion (ECF No. 5) be **DENIED**.

### A. Likelihood of Success on the Merits

In this case, the Plaintiffs seek a temporary restraining order ("TRO") "against Defendant Roger Ware, restraining him, his agents, and all other persons acting in accord with him, from engaging in vindictive conduct or denying, obstructing, or otherwise failing to respect Plaintiff's exercise of constitutional . . . court-access rights." (ECF No. 5 at 1). Plaintiff contends that he would testify under oath "that he has experienced constant oppression, abuse, and harassment in FCI Hazelton as a result of Defendant Ware's dissemination of Thetford's sealed PSR" (pre-sentence investigation report). (ECF No. 5 at 4).

While the undersigned does not minimize the serious allegations set forth by Plaintiffs with regard to the alleged dissemination of Plaintiff Thetford's pre-sentence investigation report and the alleged obstruction of his court-access rights, the undersigned is of the opinion that Plaintiffs has not made a clear showing at this time that they are likely to succeed on the merits. The evidence submitted by Plaintiff is too speculative and vague at this time to suggest a likelihood of success on the merits. Indeed, Plaintiff's claims of obstruction to his court-access rights is contradicted by his recent filings in this matter, appearing that his access to the Court and ability to litigate this matter has not been hindered in any substantial and meaningful way (*See* ECF Nos. 20-23).

### B. Irreparable Harm in the Absence of Preliminary Relief

Winter v. Natural Resources Defense Council, Inc. "requires that the plaintiff make a clear showing that it is likely to be irreparably harmed absent preliminary relief." Real Truth About Obama, Inc., 575 F.3d at 347. Here, the undersigned agrees with Defendant that Plaintiff has not met his burden of a clearing showing that he is likely to be irreparably harmed absent a temporary restraining order.

Plaintiff alleges his injury is "imminent because Defendant Ware has demonstrated a consistent pattern of violating laws and engaging in discriminatory conduct directed toward sex offenders during the preceding five years." (ECF No. 5 at 4-5). Plaintiff contends Defendant Ware "routinely engages in violent and threatening conduct" and "has no ethical inhibitions preventing him from issuing false incident reports." (ECF No. 5 at 5). However, the undersigned is of the opinion that such allegations are too speculative and vague to make a finding that irreparable harm or injury to Plaintiff is imminent. Further, the undersigned cannot find any evidentiary support for Plaintiff's allegation that the BOP's administrative remedies are "illusory". Therefore, the undersigned finds Plaintiff has administrative remedies available to him for addressing much of the allegations set forth in his Motion.

C. **Balance of Equities and the Public Interest**

When weighing the parties' respective injuries and balancing the equities to determine whether a preliminary injunction should issue, the court should consider: (1) the relative importance of the rights asserted and the act sought to be enjoined; (2) the preservation of the status quo; (3) the balancing of damage and convenience generally. See Sinclair Refining Co. v. Midland Oil Co., 55 F.2d 42, 45 (4th Cir. 1932). Further, in Winter v. Natural Resources Defense Council, Inc., "the Supreme Court emphasized the public interest requirement, stating, '[i]n exercising their sound discretion, courts of equity should pay particular regard for the public

consequences in employing the extraordinary remedy of injunction.'" Real Truth About Obama, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

As Defendant noted, and the undersigned agrees, the "Supreme Court encourages courts to defer to the executive branch and the judgment of prison officials to administer federal correctional facilities. *Bell v. Wolfish*, 441 U.S. 520, 545-48 (1979)." (ECF No. 12 at 10). Further, "prison officials 'must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry.' *Wolfish*, 441 U.S. at 547." (ECF No. 12 at 10). Accordingly, the undersigned agrees that the balance of equities and the public interest do not tip in favor of the Plaintiffs. The undersigned finds that entry of injunctive relief in this instance may "impinge upon the BOP's procedure and may affect the decision making responsibilities of BOP officials during the course of their employment." However, the undersigned would again emphasize that the allegations set forth in Plaintiff's Complaint and Motion are not to be taken lightly and any action occurring to limit Plaintiff's ability to litigate this action or any dissemination of Plaintiff's PSR is of grave concern to the Court. However, the undersigned is of the opinion that Plaintiff has not met his burden for the extraordinary remedy of injunctive relief at this time.

## V.   RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** Plaintiff's Motion (ECF No. 5) be **DENIED**.

Any party shall, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas

Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: June 2, 2020

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE