IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL HEATH THETFORD,**
**ANGEL CENTENO-MORALES, and**
**NELSON R. ZAPATA-VICENTE,**

      Plaintiffs,

v.                                                  Civ. Action No. 1:20-CV-82
                                                                           (Judge Kleeh)

**ROGER WARE,**
**ALVIN JAMES WARRICK,**
**COLITHA PATRICE BUSH,**
**RONALD BENNETT SHEPHERD,**
**TANYA L. RICHARD,**
**PRIVATE SERVICES, and**
**UNITED STATES OF AMERICA,**

      Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 79]**

## I. Introduction

Pending before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") on pro se Plaintiff Michael Heath Thetford's *Ex Parte TRO Motion* ("Motion") filed on May 1, 2020. [ECF No. 25]. In the Motion, Plaintiff asks this Court to "issue a temporary restraining order ("TRO") against Defendant Roger Ware, restraining him, his agents, and all other persons acting in accord with him, from engaging in vindictive conduct or denying, obstructing, or otherwise failing to respect Plaintiff's exercise of constitutional, statutory, and regulatory court-access rights."

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 79]**

[ECF No. 5]. Defendant United States of America filed a response in opposition to the motion on May 11, 2020. [ECF No. 12]. Thetford filed objections to the R&R on October 2, 2020. [ECF No. 79]. For the reasons discussed herein, the Court adopts the R&R.

Plaintiffs Thetford, Angel Centeno-Morales, and Nelson R. Zapata-Vicente are federal inmates at FCI Hazelton and initiated this civil action against various defendants in the Circuit Court of Preston County in April 2020. [ECF No. 1-1]. The action was removed to this Court on May 1, 2020. [ECF No. 1]. Plaintiffs allege violations of the West Virginia Consumer Credit and Protection Act, Racketeer Influenced and Corrupt Organizations Act, West Virginia Uniform Declaratory Judgment Act, and "various other violations of West Virginia statutes and torts." See W. Va. Code §§ 46A-6-101 et seq., 55-13-1 et seq., and 18 U.S.C. § 1961 et seq. In the Complaint, Plaintiffs allege twelve (12) causes of action: (1) Disclosure of PSRs, (2) Disclosure of DMV Records, (3) Civil Conspiracy: Invasion of Privacy, (4) Civil Conspiracy: Insulting Words, (5) Civil Conspiracy: Tort of Battery, (6) Ware's RICO Conspiracy, (7) Private Services RICO Fraud, (8) Civil Conspiracy: Trespass on the Case, (9) Ware's Deceptive Acts or Practices, (10) Private Services Deceptive Acts or Practices, (11) Ware Negligence, (12) Tort of Outrage, and finally they seek relief by way of a Preliminary Injunction and a Permanent

Injunction. [ECF No. 1-1].

## II.  Legal Standard

### A. Preliminary Injunction

As noted by the Magistrate Judge, a "preliminary injunction is an extraordinary remedy never awarded as of right.  In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (internal quotation marks and citations omitted).  In order to be awarded a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).

The demanding standard for the issuance of a preliminary injunction becomes even more exacting when a plaintiff requests an injunction that mandates action, as opposed to one that preserves the status quo pending trial. See East Tennessee National Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies

of the situation demand such relief').

### B. Report and Recommendation Standard of Review

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

Timely, specific objections are necessary to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985). General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because they do not direct the court's attention to any specific portions

4

of the report. Howard v. Secretary of Health & Human Servs. 932 F.2d 505, 529 (6th Cir. 1991); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection."). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments

does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Thetford accepted service of the R&R on June 9, 2020. [See ECF No. 28]. Upon granting two motions for extension of time to file objections, this Court allowed objections to be timely filed by October 2, 2020. [ECF No. 68]. Thetford filed timely objections to the R&R. [ECF No. 79].

### III. Discussion

In this case, Thetford requests the Court issue a temporary restraining order against "Defendant Roger Ware, restraining him, his agents, and all other persons acting in accord with him, from engaging in vindictive conduct or denying, obstructing, or otherwise failing to respect Plaintiff's exercise of constitutional, statutory, and regulatory court-access rights." [ECF No. 5 at 1]. Thetford asserts that he, and many others, would

testify as to certain abuse and oppression at the hands of Defendant Ware at FCI Hazelton. Id. Further, Thetford states that Defendant Ware distributed his sealed PSR, and that he has suffered because of this disclosure. Id.

The Magistrate Judge's R&R sets forth the relevant statute that governs Thetford's request for injunctive relief against Defendant Ware as a federal employee, which is 5 U.S.C. § 702. [ECF No. 25 at 8]. See also Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, *1233 (10th Cir. 2005) (finding that 5 U.S.C. § 702 operates as "a general waiver of the government's sovereign immunity from injunctive relief."). Therefore, Defendant USA's notion that such relief is not authorized against Defendant Ware is incorrect; however, as to the unnamed defendants in Plaintiffs' Complaint, the Court agrees that any request for injunctive relief against individuals unnamed in the Complaint is not cognizable.

The Magistrate Judge properly analyzed the Winter factors, which must be satisfied for the issuance of a preliminary injunction, and determined that Plaintiff did not make a clear showing that he is likely to succeed on the merits of his complaint [ECF No. 25 at 9]. Thetford has so far pleaded serious allegations against the defendants and has submitted evidence that is too speculative and vague to overcome the burden he faces. Because Plaintiff cannot clearly show that he is likely to succeed on the

merits of his claims, Plaintiff cannot establish the necessary first factor for a preliminary injunction. Id.

Second, whether Thetford's claim he will suffer irreparable harm in the absence of his requested preliminary relief also fails. Aside from the conclusory allegations and scarce evidence submitted to the Court, Thetford failed to show a temporary restraining order would prevent him from being irreparably harmed.

### A. Objections

Thetford filed a fifteen (15) page document with six (6) total objections. [ECF No. 79]. Within the document, Thetford objects for a myriad of reasons, and some objections merely repeat and clarify the allegations of his Complaint [ECF No. 1-1] as well as the arguments in his Motion [ECF No. 5]. Due to Thetford's failure to object to the finding or recommendation with sufficient specificity on the Magistrate Judge's recommendation that this Court deny the motion for preliminary injunction, only one (1) objection warrants a de novo review by this Court.

### 1. Objection #1

First, Thetford objects to the Court's application of federal law, as opposed to West Virginia state law, in determining the outcome of his preliminary injunction claim. [ECF No. 79 at 8]. Indeed, Federal district courts have limited subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545

U.S. 546, 552 (2005). They possess only the jurisdiction authorized by the United States Constitution and federal statute. Bowles v. Russell, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."). Federal district courts decide federal question cases-such as the instant case-which are "civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

While this action was initiated in Preston County Circuit Court, Defendants timely removed the matter under 28 U.S.C. § 2679(d)(2) and deemed the United States of America as a defendant for purposes of Plaintiffs' West Virginia state law claims under § 2679(d)(2). 28 U.S.C. § 2679(d)(2) states that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, **any civil action or proceeding commenced upon such claim in a State court shall be removed** . . . at any time before trial by the Attorney General to the district court of the United States . . . ." Id.

As the Magistrate Judge clearly stated, temporary restraining orders or preliminary injunctive relief are expressly authorized in civil actions with respect to prison conditions that violate the Federal rights of inmates. 18 U.S.C. § 3626(a)(2) ("In any

civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief."). Therefore, the preliminary injunction action arises under the laws of the United States, and federal law applies on this particular issue. Specifically, the procedural standards governing claims for injunctive relief most certainly apply in this venue. Of course, Plaintiffs' substantive state law claims would be governed by West Virginia law if and when the time comes for this Court to assess those causes of action. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Based upon the foregoing, this objection is overruled.

2. **Objection #2**

Next, Thetford objects to the Magistrate Judge's finding that his ability to litigate this case has not been hindered in a substantial way. [ECF No. 79 at 10]. Thetford attempts to clarify this issue raised in the complaint against Defendant Ware and non-party Unit Supervisor Jose Rivera. The Court finds that Thetford's objection is conclusory, restates and clarifies the allegations of the complaint, and is not specific as to the findings and recommendation of the Magistrate Judge with respect to the

necessary standard for the issuance of a preliminary injunction. Therefore, this objection is overruled.

### 3. Objection #3

Thetford takes issue with the Magistrate Judge's statement in the R&R that the motion for temporary restraining order or preliminary injunction was fully briefed. Thetford states that he intended to file a brief in support of the TRO. [ECF No. 79 at 12]. There is nothing in the record before the Court that shows Thetford's ability to file documents with the Court has been hindered; in fact, the record shows the opposite. The Court finds this objection to be without merit. In addition, the Court finds that Thetford's third objection is not specific as to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the issuance of a preliminary injunction. Therefore, the third objection is likewise overruled.

### 4. Objection #4

Thetford's fourth objection states his disagreement with the Magistrate Judge's finding that a hearing on the Motion is unnecessary. [ECF No. 79 at 13]. Again, the Court overrules this objection because Thetford failed to bring to this Court's attention an objection specific as to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the issuance of a preliminary injunction.

This objection is likewise overruled.

5. **Objection #5**

Thetford objects to the Magistrate Judge's statement that Thetford has administrative remedies available to him through the BOP. [ECF No. 79 at 13]. Again, the Court overrules this objection because Thetford failed to bring to this Court's attention an objection specific as to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the issuance of a preliminary injunction. This objection is likewise overruled.

6. **Objection #6**

Lastly, Thetford objects to the "application of the Local Rules of Prison Litigation Procedure to this case." [ECF No. 79 at 13]. Again, the Court overrules this objection because Thetford failed to bring to this Court's attention an objection specific as to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the issuance of a preliminary injunction. This objection is likewise overruled.

### IV. Conclusion

For the reasons discussed herein, the Report and Recommendation [ECF No. 25] is **ADOPTED** in its entirety. Thetford's objections [ECF No. 79] are **OVERRULED,** and *Plaintiff Thetford's Ex Parte TRO Motion* [ECF No. 5] is **DENIED.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25] AND
OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 79]**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all <u>pro se</u> parties via certified mail, return receipt requested, and to counsel of record via email.

**DATED:** February 8, 2021

<u>/s/ Thomas S. Kleeh</u>
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE
