IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

MICHAEL HEATH THETFORD,
ANGEL CENTENO-MORALES,
NELSON R. ZAPATA-VICENTE,

                Plaintiffs,

v.                              Civil Action No. 1:20-CV-82
                                  (JUDGE KLEEH)
UNITED STATES OF AMERICA, *et al.*,

                Defendants.

**REPORT AND RECOMMENDATION RECOMMENDING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS PURPORTED TORT CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION [ECF NO. 37] BE GRANTED**

This matter is before the undersigned pursuant to a referral order [ECF No. 7] entered by Honorable United States District Judge Thomas S. Kleeh on May 4, 2020.

**I. PROCEDURAL BACKGROUND**

On June 19, 2020, the United States of America ("United States") filed its Motion to Dismiss Purported Tort Claims for Lack of Subject Matter Jurisdiction [ECF No. 37] and memorandum in support, thereof. [ECF No. 38].

On August 7, 2020, Plaintiff Michael Heath Thetford ("Thetford") filed a motion [ECF No. 63] and brief in support, thereof, [ECF No. 66] requesting an extension of time to file a response thereto. The Court granted Thetford's motion by order dated November 3, 2020 [ECF No. 88] and allowed him an extension to December 8, 2020. Then, on December 7, 2020, Thetford filed a Second Motion for Enlargement of Time to Respond to Dismissal Motions [ECF No. 97], requesting an enlargement of time to January 30, 2021. By order dated December 22, 2020 [ECF No. 98], the Court granted Thetford's motion here and established a new filing deadline of January

30, 2021 for a reply. Thereafter, on February 3, 2021, Thetford filed the Third Motion for Enlargement of Time to Respond to Dismissal Motions [ECF No. 101], requesting an extension to March 1, 2021 to file his reply. By order to be entered on even date herewith, the Court denied Thetford's motion for further extension. Thus, the issue is ripe for an order on the merits.

## II. ANALYSIS AND RECOMMENDATION

By way of background, Plaintiffs in this action are federal prisoners at FCI Hazelton. Plaintiffs' claims involve a range of purported causes of action, sounding in constitutional and tort matters. Tort allegations brought against the United States must be brought under the Federal Torts Claims Act ("FTCA"). The fatal problem for Plaintiffs' claims here is that Plaintiffs did not file an administrative claim with the Federal Bureau of Prisons ("BOP") before bringing the instant case.

As the United States rightly notes, federal courts have jurisdiction which is limited to subject matters specified in either the Constitution or federal statute. Thus, of course, the Court here must ascertain whether it has jurisdiction concerning a claim before delving into the merits of that claim. Constantine v. Rectors and Visitors of George Mason University, 411 F.3d 474, 480 (4th Cir. 2005) ("subject-matter jurisdiction is a necessary prerequisite to any merits decision by a federal court"). The policy here is obvious, but merits being stated: for the sake of efficiency and to conserve the Court's and litigants' resources, there is no sense in allowing a claim to proceed when the Court lacks jurisdiction.

The undersigned is sensitive to Plaintiffs here being *pro se*, and the need to construe their pleadings more generously than if they were represented by counsel. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, by the same token, it is not the role of the Court to

tease out claims not plainly presented so as to keep a case alive. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).

Relatedly, the undersigned is mindful that Plaintiffs here must be able to show that they are properly before the Court. Principles of sovereign immunity require that the federal government consent to being sued, by waiving sovereign immunity, before it can be party-defendant to a suit such as the one here. In other words, Congress must authorize such a suit before the Court has subject matter jurisdiction to hear it. Bullock v. Napolitano, 666 F.3d 281, 284 (4th Cir. 2012). To this point, the federal government must be unequivocal in its waiver of immunity. Id. at 285.

Tort allegations such as those which Plaintiffs put forth here must fall within the Federal Tort Claims Act ("FTCA"), meaning that the claims must be cognizable under the FTCA in order to proceed. See 28 U.S.C. § 1346. The FTCA is a statutory scheme providing for tort liability in limited circumstances for injury caused by employees of the federal government. Key to the process under the FTCA is that a prospective claimant must make an administrative claim before the federal agency at issue, and must do so within two years of the alleged injury or wrongdoing. 28 U.S.C. § 2401(b); 28 U.S.C. § 2675(a). More to the point, a prospective claimant must do so prior to instituting suit against the federal government. Such a claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency. . ." 28 U.S.C. § 2401(b) (emphasis added). Further, such a claimant must bring a case within six months of the federal agency's denial of the administrative claim. Id. As the United States notes, these provisions are not, as a matter of policy, designed to frustrate unknowing litigants. Rather, the statutes here are designed to encourage efficient presentation, review, and resolution of claims. See generally United States v. Kubrick, 444 U.S. 111, 117 (1979).

In the instant case, according to the United States, none of the Plaintiffs filed such administrative claims <u>before</u> filing their lawsuit. <u>See</u> ECF No. 38-1. No records in BOP's database show compliance with FTCA as required here. No Plaintiff has been able to demonstrate otherwise, nor has any Plaintiff explained the failure to comply with this requirement. The only noteworthy development here is that Thetford eventually filed an administrative claim with BOP, but only months <u>after</u> filing the instant lawsuit. <u>Id</u>. As detailed above, however, this does not cure his deficiencies or otherwise circumvent the requirements of the FTCA. Thus, the Court here does not have jurisdiction to proceed to the merits of Plaintiffs' claims against the United States.

Thus, the undersigned **RECOMMENDS** that the United States' pending Motion to Dismiss Purported Tort Claims for Lack of Subject Matter Jurisdiction [ECF No. 37] be **GRANTED**.

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir.

1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: February 8, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE