IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

MICHAEL HEATH THETFORD,
ANGEL CENTENO-MORALES,
NELSON R. ZAPATA-VICENTE,

                Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al.,*

                Defendants.

Civil Action No. 1:20-CV-82
(JUDGE KLEEH)

**REPORT AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO
VACATE CERTIFICAITON AND SUBSTITUTION ORDER [ECF NO. 22] BE DENIED**

This matter is before the undersigned pursuant to a referral order [ECF No. 7] entered by

Honorable United States District Judge Thomas S. Kleeh on May 4, 2020.

On June 2, 2020, Plaintiff Michael Heath Thetford ("Plaintiff") filed a Motion styled

"Motion to Vacate Certification & Substitution Order." [ECF No. 22]. By this motion, Plaintiff

requests that the Court set aside its Order Regarding Substitution, dated May 4, 2020 [ECF No. 9],

by which the Court allowed the substitution of the United States of America as a defendant in place

of Defendant Roger Ware ("Defendant Ware") for purposes of defending Counts 1, 2, 3, 4, 5, 8,

9, 11, and 12 (leaving Defendant Ware as a defendant in this action solely for purposes of

Defending Count 6). The United States of America filed a response to Plaintiff's motion on June

15, 2020. [ECF No. 33].

On August 7, 2020, Plaintiff filed a motion [ECF No. 63] and brief in support, thereof,

[ECF No. 66] requesting an extension of time to file a reply to the United States of America's

response. The Court granted Plaintiff's motion by order dated November 3, 2020 [ECF No. 88]

and allowed Plaintiff an extension to December 8, 2020. Then, on December 7, 2020, Plaintiff

filed a Second Motion for Enlargement of Time to Respond to Dismissal Motions [ECF No. 97], requesting an enlargement of time to January 30, 2021. By order dated December 22, 2020 [ECF No. 98], the Court granted Plaintiff's motion here and established a new filing deadline of January 30, 2021 for a reply. Thereafter, on February 3, 2021, Plaintiff filed the Third Motion for Enlargement of Time to Respond to Dismissal Motions [ECF No. 101], requesting an extension to March 1, 2021 to file his reply. By order to be entered on even date herewith, the Court denied Plaintiff's motion for further extension. Thus, the issue is ripe for an order on the merits.

In the course of removing this action from the Circuit Court of Preston County, West Virginia, to this Court, the United States Attorney for the Northern District of West Virginia provided to this Court a Certification of Scope of Employment as to Defendant Ware. [ECF No. 1-3]. This Certification of Scope of Employment was filed pursuant to 28 U.S.C. § 2679(d)(1). This statute is a mechanism by which the Attorney General certifies that a party defendant who is an employee of the federal government "was acting within the scope of his office or employment at the time of the incident out of which the claim arose" such that the action pending against such person "shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). Moreover, a corresponding statutory provision sets forth that, in such a case, the action shall be removed to federal district court <u>and the United States shall be substituted as the party defendant</u>." 28 U.S.C. § 2679(d)(1) (emphasis added).

In light of the Certification of Scope of Employment, the Court, in due course, entered the above-noted Order Regarding Substitution, dated May 4, 2020. [ECF No. 9].

Nothing about the process which the United States Attorney for the Northern District of West Virginia undertook is improper under this statute and the process set forth therein. The

Plaintiff specifies nothing about the process here which should upend this result or the posture of this matter by which the United States of America sits as a party defendant in place of Defendant Ware as to the specified counts. Plaintiff specifies nothing as to how the requirements of 28 U.S.C. § 2679(d)(1) and 28 U.S.C. § 2679(d)(2) are improper or have not been met here. Thus, Plaintiff is entitled to no relief sought in his motion [ECF No. 22] as to the Court's prior Order Regarding Substitution, dated May 4, 2020. [ECF No. 9].

Thus, the undersigned **RECOMMENDS** that Plaintiff's pending Motion to Vacate Certification & Substitution Order." [ECF No. 22] be **DENIED**.

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who

appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic

Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**:  February 8, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

4