IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL HEATH THETFORD,**
**ANGEL CENTENO-MORALES, and**
**NELSON R. ZAPATA-VICENTE,**

        Plaintiffs,

v.                                    Civ. Action No. 1:20-CV-82
                                                    (Judge Kleeh)

**ROGER WARE,**
**ALVIN JAMES WARRICK,**
**COLITHA PATRICE BUSH,**
**RONALD BENNETT SHEPHERD,**
**TANYA L. RICHARD,**
**PRIVATE SERVICES, and**
**UNITED STATES OF AMERICA,**

        Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 106]**

On June 2, 2020, Plaintiff Michael Heath Thetford ("Plaintiff") filed *Motion to Vacate Certification & Substitution Order* ("Motion"). [ECF No. 22]. In the Motion, Plaintiff requests this Court set aside its Order Regarding Substitution [ECF No. 9], by which the Court allowed the substitution of the United States of America as a defendant in place of Defendant Roger Ware ("Defendant Ware") for purposes of defending Counts 1, 2, 3, 4, 5, 8, 9, 11, and 12 of Plaintiffs' Original Complaint. [ECF No. 1-1]. Such substitution left Defendant Ware as a defendant in this action solely for purposes of defending Count 6 of the Original Complaint.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 106]**

referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On February 8, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 106], recommending that the Court deny the Motion [ECF No. 22] as Plaintiff is entitled to no relief sought in the Motion.

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Under Local Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Further, the magistrate judge allotted an extra three (3) days to account for mailing and service of any objections. [ECF No. 106]. Therefore, parties have seventeen (17) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Plaintiffs accepted service of the R&R on February 12, 2021. [See ECF Nos. 111, 112,

113]. To date, no objections to the R&R have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 106]. The Motion is **DENIED** [ECF No. 22].

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all pro se parties via certified mail, return receipt requested, and to counsel of record via email.

**DATED**: March 2, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE