**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

| | |
|---|---|
| **MICHAEL HEATH THETFORD,**<br>**ANGEL CENTENO-MORALES,**<br>**NELSON R. ZAPATA-VICENTE,**<br><br>                              **Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,** *et al.,*<br><br>                              **Defendants.** | **Civil Action No. 1:20-CV-82**<br>**(JUDGE KLEEH)** |

**REPORT AND RECOMMENDATION RECOMMENDING
THAT THIS MATTER BE DISMISSED AS TO DEFENDANTS
BUSH, WARRICK, SHEPHERD AND PRIVATE SERVICES**

On or about March 17, 2020, the *pro se* Plaintiffs filed a Complaint in the Circuit Court of

Preston County, West Virginia. [ECF No. 11]. On May 1, 2020, the action was removed to this

Court. [ECF No. 1]. The matter then was referred to the undersigned Magistrate Judge by United

States District Judge Thomas S. Kleeh by order dated May 4, 2020. [ECF No. 7].

Plaintiffs named as Defendants the following: Roger Ware, Alvin James Warrick a/k/a

Peter Candlewood, Colitha Patrice Bush a/k/a Diane Lane a/k/a Diane Rice, Ronald Bennett

Shepherd, Tanya L. Richard, and Private Services. Subsequently, the United States of America

was substituted as a Defendant for Roger Ware as to certain claims, leaving Ware to defend one

claim. [ECF No. 9].

**I. LACK OF PROPER SERVICE**

It appears that Plaintiffs effected service of process on Defendants Ware and Richard.

Subsequent orders have dismissed claims as to Defendants United States of America and Richard.

[ECF Nos. 117, 119]. There is pending a Report and Recommendation by the undersigned,

recommending dismissal of the remaining claim as to Defendant Ware. [ECF No. 125]. Thus, not yet addressed by the Court are the remaining named Defendants Bush, Warrick, Shepherd, and Private Services.

Here, the action has been pending for over one year. Thus, on April 26, 2021, the undersigned entered an order [ECF No. 130] for Plaintiffs to show cause within 14 days of receipt of the order why the case should not be dismissed as to Defendants Bush, Warrick, Shepherd and Private Services. It appears that the order was delivered to Plaintiffs on April 28, 2021. [ECF No. 133]. Thus, the deadline for Plaintiffs to respond to the order to show cause was May 12, 2021. Yet, rather than respond with a filing to show cause, on May 10, 2021, Plaintiff Michael Heath Thetford filed a motion for an extension of time to respond to the order to show cause. [ECF No. 138]. The undersigned enters an order concurrently with this Report and Recommendation denying this request for an extension.

It appears that Plaintiffs served process on Defendants Bush and Warrick while those two Defendants were incarcerated. Moreover, it does not appear that Plaintiffs served process at all on Defendants Shepherd and Private Services.

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Moreover, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. (emphasis added). And as the Fourth Circuit has explained:

> Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs. Put conversely, good cause generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service. While 'good cause' is a flexible standard, diligence

provides a touchstone for an appellate court that is reviewing a dismissal under Rule 4(m).

Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019), as amended (June 10, 2019) (citation omitted).

First, as to Defendants Bush and Warrick, it appears that both were sent the Complaint by certified mail. It appears that Bush herself signed the return receipt [ECF No. 11 at 71]. It appears that an agent, whose name is not discernable to the undersigned, signed the return receipt for Warrick. [ECF No. 11 at 69]. It is not clear that Plaintiffs effected proper service here, as both of these Defendants were incarcerated persons at the time. Thus, they arguably were incompetent, and Plaintiffs were required to effect service through the means required for incompetent persons.

For Bush and Warrick, "…an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made." Fed. R. Civ. P. 4(g) (emphasis added). Plaintiffs attempted to serve Bush and Warrick in the State of Texas [ECF No. 11 at 69, 71], but Plaintiffs demonstrate nothing in the record about effecting proper service on incarcerated persons under relevant state law. Plaintiffs have let the matter languish as to these Defendants, without any showing of good cause for the delay. Plaintiffs have argued repeatedly, as to other aspects of the case, that they are delayed because restrictions at the facility where they are incarcerated. Yet, those restrictions apparently have not hindered Plaintiffs' involvement as to other aspects of their litigation, given their repeated filings seeking to extend deadlines and otherwise delay, and seeking to bring additional claims against additional prospective parties. Accordingly, the matter should be dismissed as to Bush and Warrick.

Second, as to Shepherd and Private Services, who were not served at all, there is simply no good reason for delay of this amount of time. Plaintiffs have not been at all diligent about effecting service here. Again, Plaintiffs have had the time and resources to propound numerous and lengthy requests for extension and delay as to various aspects of this case, but have not invested a corresponding amount of effort to complete a fundamental task in civil litigation, that of service of process. In short, this demonstrates Plaintiffs' lack of seriousness in pursuing claims against these Defendants. Such an absence of diligence on Plaintiffs' part regarding Shepherd and Private Services is a far cry from the "good cause" required under Rule 4(m). Thus, the matter should be dismissed as to Shepherd and Private Services.

## II. FAILURE TO STATE A CLAIM

Finally, as to three of these Defendants – Bush, Warrick, and Shepherd – the undersigned recommends dismissal for another reason. Based upon a detailed review of Plaintiffs' claims and the allegations as to Bush, Warrick, and Shepherd, it appears that Plaintiffs specify no harm to themselves resulting from the alleged acts of these three Defendants or set forth any claim for relief with respect to these three Defendants. As is well-established, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Per the Fourth Circuit:

> Rule 8(a)(2) requires that "a complaint ... contain[ ] sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face' " in the sense that the complaint's factual allegations must allow a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (emphasis in original). Plaintiffs claims and allegations are wide-ranging and, in a word, disjointed. As such, the undersigned has taken pains to parse through

the Complaint here in search of a connection between allegations specific to these Defendants and forms of relief requested. In short, there is none. Plaintiffs have not, in the least, met the requirement Under Rule 8 to set forth a "short and plain statement" demonstrating their entitlement to relief. Thus, the undersigned must conclude that there is no plausible claim as to any of these Defendants (Bush, Warrick, and Shepherd), and that there is no "reasonable inference" that liability attaches to them.

### III. RECOMMENDATION AND CONCLUSION

Thus, the undersigned **RECOMMENDS** that the this matter should be **DISMISSED** without prejudice as to Defendants Bush, Warrick, Shepherd and Private Services for (1) improper service of incarcerated persons, namely Bush and Warrick, (2) lack of service altogether on Shepherd and Private Services, and (3) failure to state a claim as to Bush, Warrick, and Shepherd.

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

     The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

     **DATED**:  May 18, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE