IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL HEATH THETFORD,**
**ANGEL CENTENO-MORALES, and**
**NELSON R. ZAPATA-VICENTE,**

        Plaintiffs,

v.                                                                  Civ. Action No. 1:20-CV-82
                                                                  (Judge Kleeh)

**ROGER WARE,**
**ALVIN JAMES WARRICK,**
**COLITHA PATRICE BUSH,**
**RONALD BENNETT SHEPHERD,**
**PRIVATE SERVICES, and**
**UNITED STATES OF AMERICA,**

        Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 125]**

        **I.**        <u>**BACKGROUND AND REPORT AND RECOMMENDATION**</u>

On September 28, 2020, Defendant Roger Ware ("Ware") filed a *Motion to Dismiss* ("Motion") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [ECF No. 74]. In the Motion, Ware requests this Court dismiss Ware from the case because Plaintiffs' Complaint failed to state a claim for which relief can be granted, is devoid of any facts supporting Plaintiffs' claims, and cites no authority supporting causes of action against Ware. [ECF No. 74]. Plaintiffs failed to file a responsive pleading to the motion to dismiss. Therefore, the motion is ripe for decision.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 125]**

referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On February 9, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 125], recommending that the Court grant the Motion [ECF No. 74].

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Under Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12; see also Fed. R. Civ. P. 72. Further, the magistrate judge allotted an extra three (3) days to account for mailing and service of any objections. [ECF No. 125]. Therefore, parties have seventeen (17) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."

The docket reflects that Plaintiff Thetford accepted service

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 125]**

of the R&R on April 15, 2021, making Plaintiff Thetford's objections to the R&R due May 3, 2021. [ECF No. 126]. Plaintiffs Zapata-Vicente and Centeno-Morales accepted service of the R&R on April 16, 2021. [ECF Nos. 127, 128]. Thereafter, the Court received a return from Hazelton FCI stating that Plaintiff Zapata-Vicente is no longer at the facility. [ECF No. 129; see also ECF Nos. 134, 144, 146]. On May 3, 2021, Plaintiff Thetford filed a Motion for Extension of Time to File Objections to the R&R and Motion for Leave to File and Serve a Supplemental Complaint. [ECF Nos. 131, 132]. Motion for Leave to File and Serve a Supplemental Complaint was denied by order [ECF No. 137]. To date, Plaintiff Thetford has filed a number of motions seeking extensions to respond to matters in his case. See, e.g., ECF Nos. 131, 138, 140.

## II.  OBJECTIONS AND STANDARD OF REVIEW

On June 3, 2021, Plaintiff Thetford untimely filed, without leave, "Plaintiff's Objections to the Magistrates Recommendation That Ware's Motion Be Granted." [ECF No. 147]. On July 14, 2021, Plaintiff Thetford again untimely filed, without leave, "Plaintiff's First Amended Objections to the Magistrate's Report and Recommendation That Ware's Dismissal Motion Be Granted." [ECF No. 153]. Defendant Ware, by counsel, filed a response in opposition to Thetford's amended objections, arguing (1)

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 125]**

Thetford's initial objections are untimely and should not be considered, and (2) the amended objections are likewise untimely and should be overruled. [ECF No. 156].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Further, according to Local Rule 6 of the Local Rules of Prisoner Litigation Procedure, "[a]ll *pro se* prisoner litigants are responsible for promptly informing the Court of any change in their addresses, monitoring the progress of their cases and prosecuting or defending their actions diligently. Notification of a prisoner's change of address must be accomplished by filing a Notice with the Clerk of Court and serving that Notice upon all other parties within ten (10) days of the change of address." The Rule goes on to state that "[f]ailure to notify the Clerk of Court of an address change will result in dismissal of the prisoner's

case." LR PL P 6.

Failure to timely object within the appropriate time period – here, governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and LR PL P 12 - shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 125]**

magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

Plaintiff Thetford filed an eight-page document pointing out sections of the R&R to which he disagrees, purporting to be his objections. [ECF No. 147]. Plaintiff begins by asserting four areas of objections to the R&R's recommendations: (1) Thetford failed to exhaust the administrative remedies; (2) Plaintiffs failed to plead Count Six with sufficient particularity; (3) Defendant Ware is entitled to qualified immunity; and (4) Plaintiffs failed to sufficiently plead a viable RICO claim. Id. However, in the body of the document, each objection area is not briefed or supported with legal authority. Id.

Approximately six weeks later, again without leave, Plaintiff Thetford filed "amended objections" objecting on the same four grounds and adding four more grounds. [ECF No. 153]. The four additional objections, objections five through eight, were largely duplicative of the initial filing, complaining of the magistrate

6

judge's findings as to the exhaustion requirement, RICO pleading standard, and qualified immunity. Id.

Defendant Ware's responses to Plaintiff's objections confirms the Court's assessment the objections largely fall short of the specificity requirement and should otherwise be overruled. [ECF Nos. 150, 156]. Particularly, Ware correctly notes Plaintiff's primary argument is Magistrate Judge Aloi's findings are "false." Id. Plaintiff's general grievances and repeated conclusory allegations do not merit a de novo review. Plaintiff's objections, while descriptive and even lengthy, are grievances regarding the magistrate judge's conclusions, and none preserve a claim for review by this Court. Plaintiff alleges he objects to the R&R because he is unaware whether the motion is one under 12(b)(6) or 12(b)(1). It is clear from the face of the document, and Plaintiff's responses, that the motion is one under 12(b)(6). Plaintiff then argues, with no authority and little logic, that Ware should have raised "failure to exhaust" as an affirmative defense in a pleading instead of the motion. Then Plaintiff contends that the complaint should not be dismissed because "[t]he PLRA's exhaustion requirement is not jurisdictional." Moore v. Bennett, 517 F.3d 717, 725 (4th Cir. 2008). However, "a complaint may be dismissed on exhaustion grounds." Id. at 725. No evidence was presented by Plaintiff that the exhaustion requirements were

7

met; in fact, the record shows clearly that the exhaustion requirements were not met.

The objections are unspecific and are devoid of any reference to specific findings or recommendations and are unsupported by legal authority. Therefore, because Plaintiff's objections are conclusory and are not specific to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the issuance of an order dismissing the complaint or entering a 12(b)(6) dismissal. Because Plaintiff's objections do not constitute adequate objections, Plaintiff's objections fail to merit de novo review from this Court, and therefore, the Court is under no obligation to conduct a de novo review as to any objection to the R&R. Accordingly, the Court reviewed the R&R for clear error and found none. For these reasons, and because Plaintiff failed to provide any evidence to refute Defendant's declarations beyond bare conclusory statements, and failed to point to any reference to specific findings or recommendations and the objections were wholly unsupported by legal authority, Plaintiff's objections are overruled.

### III. CONCLUSION

Because the objections filed are insufficient or otherwise overruled, and Plaintiff Zapata-Vicente failed to notify the Clerk

8

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 125]**

of Court as to any address change, the Court has reviewed the R&R under the appropriate standard and **ADOPTS** the R&R in its entirety [ECF No. 125]. The Motion is **GRANTED** [ECF No. 74] and Defendant Ware is **DISMISSED** from this case. Further, all claims pleaded by Plaintiff Zapata-Vicente are hereby **DISMISSED** as to all defendants. See LR PL P 6. The pending Plaintiffs' claims shall remain against the remaining defendants until further order of the Court. Finally, Plaintiff Thetford's motion for extension of time [ECF No. 131] is **GRANTED** as moot. Defendant Ware's motion for extension of time [ECF No. 135] is also **GRANTED** as moot.

    It is so **ORDERED.**

    The Clerk is directed to transmit copies of this Order to all pro se parties via certified mail, return receipt requested, and to counsel of record via email.

    **DATED**: September 23, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE