```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MICHAEL HEATH THETFORD,**
**ANGEL CENTENO-MORALES, and**
**NELSON R. ZAPATA-VICENTE,**

        **Plaintiffs,**

**v.**                                  **Civ. Action No. 1:20-CV-82**
                                                 **(Judge Kleeh)**

**ROGER WARE,**
**ALVIN JAMES WARRICK,**
**COLITHA PATRICE BUSH,**
**RONALD BENNETT SHEPHERD,**
**PRIVATE SERVICES, and**
**UNITED STATES OF AMERICA,**

        **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 142] AND**
**DISMISSING ACTION WITHOUT PREJUDICE**

**I.     BACKGROUND AND REPORT AND RECOMMENDATION**

Plaintiffs Michael Heath Thetford, Angel Centeno-Morales, and Nelson R. Zapata-Vicente are federal inmates at FCI Hazelton and initiated this civil action against various defendants in the Circuit Court of Preston County in March 2020. [ECF No. 11]. The action was removed to this Court on May 1, 2020. [ECF No. 1]. Plaintiffs allege violations of the West Virginia Consumer Credit and Protection Act, Racketeer Influenced and Corrupt Organizations Act, West Virginia Uniform Declaratory Judgment Act, and "various other violations of West Virginia statutes and torts." See W. Va. Code §§ 46A-6-101 et seq., 55-13-1 et seq., and 18 U.S.C. § 1961

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 142] AND DISMISSING ACTION WITHOUT PREJUDICE**

et seq. In the Complaint, Plaintiffs allege twelve (12) causes of action: (1) Disclosure of PSRs, (2) Disclosure of DMV Records, (3) Civil Conspiracy: Invasion of Privacy, (4) Civil Conspiracy: Insulting Words, (5) Civil Conspiracy: Tort of Battery, (6) Ware RICO Conspiracy, (7) Private Services RICO Fraud, (8) Civil Conspiracy: Trespass on the Case, (9) Ware's Deceptive Acts or Practices, (10) Private Services Deceptive Acts or Practices, (11) Ware Negligence, (12) Tort of Outrage, and sought relief by way of a Preliminary Injunction and a Permanent Injunction. [ECF No. 1-1]. Throughout the pendency of this litigation, this Court has dismissed Plaintiffs' claims as to Defendants Ware, Richard, and the United States of America. ECF Nos. 117, 119, 125. Defendants Bush, Warrick, Shepherd, and Private Services remain.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On May 18, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 142], recommending that the Court dismiss the action entirely because Plaintiff failed to effectuate service on Defendants Bush, Warrick, Shepherd, and Private Services, and Plaintiff otherwise failed to state a claim under the Federal Rules of Civil Procedure. ECF No. 142. The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 142] AND DISMISSING ACTION WITHOUT PREJUDICE**

report and recommendation. Under Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12; see also Fed. R. Civ. P. 72. Further, the magistrate judge allotted an extra three (3) days to account for mailing and service of any objections. ECF No. 142. Therefore, parties have seventeen (17) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." Id. The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id.

The docket reflects that Plaintiff Thetford accepted service of the R&R on May 21, 2021, making Plaintiff Thetford's objections to the R&R due June 7, 2021. ECF No. 143. Plaintiffs Zapata-Vicente and Centeno-Morales appear to have accepted service of the R&R also on May 21, 2021. Id. Thereafter, the Court received a return from Hazelton FCI stating that Plaintiff Zapata-Vicente is no longer at the facility. ECF No. 144; see also ECF Nos. 129, 134,

144, 146. On June 15, 2021, Plaintiff Thetford filed untimely objections to the R&R. ECF No. 151, filed on June 21, 2021.

## II. OBJECTIONS AND STANDARD OF REVIEW

On June 15, 2021, Plaintiff Thetford untimely filed, without leave, "Plaintiff's Objections to the Report and Recommendation that Claims Against Bush, Warrick, Shepherd, and Private Services be Dismissed." ECF No. 151, filed on June 21, 2021. When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Further, according to Local Rule 6 of the Local Rules of Prisoner Litigation Procedure, "[a]ll *pro se* prisoner litigants are responsible for promptly informing the Court of any change in their addresses, monitoring the progress of their cases and prosecuting or defending their actions diligently. Notification of

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 142] AND DISMISSING ACTION WITHOUT PREJUDICE**

a prisoner's change of address must be accomplished by filing a Notice with the Clerk of Court and serving that Notice upon all other parties within ten (10) days of the change of address." The Rule goes on to state that "[f]ailure to notify the Clerk of Court of an address change will result in dismissal of the prisoner's case." LR PL P 6.

Failure to timely object within the appropriate time period – here, governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and LR PL P 12 - shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of

**Thetford, et al. v. Ware, et al.**                              **1:20-CV-82**

### ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 142] AND DISMISSING ACTION WITHOUT PREJUDICE

Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

Plaintiff Thetford filed a fourteen-page document pointing out sections of the R&R to which he disagrees and objects. ECF No. 151. Plaintiff begins by asserting seven areas of objections to the R&R's recommendations: (1) the R&R is unsupported by facts that Defendants are incompetent; (2) Rule 4 of the Federal Rules of Civil Procedure and Texas law are inapplicable; (3) Defendants were properly served; (4) Plaintiff diligently pursued service of process; (5) Private Services received actual notice of suit; (6) the Magistrate Jude adopted the role of advocate; and (7) dismissal of suit grants Defendants undeserving relief. Id. However, in the

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 142] AND DISMISSING ACTION WITHOUT PREJUDICE**

body of the document, each objection area is riddled with conclusory statements and arguments unrelated to the Magistrate Judge's specific recommendations. Id.

Plaintiff's objections largely fall short of the specificity requirement and should be overruled. Particularly, Plaintiff spends much time re asserting arguments and fails to overcome Rule 8 pleading requirements Id. Plaintiff's general grievances and repeated conclusory allegations do not merit a de novo review. Plaintiff's objections, while descriptive and even lengthy, are grievances regarding the magistrate judge's conclusions, and none preserve a claim for review by this Court.

The objections are unspecific and are devoid of any reference to specific findings or recommendations and are unsupported by relevant legal authority. Therefore, because Plaintiff's objections are conclusory and are not specific to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the issuance of an order dismissing the complaint against the remaining defendants. Because Plaintiff's objections do not constitute adequate objections, Plaintiff's objections fail to merit de novo review from this Court, and therefore, the Court is under no obligation to conduct a de novo review as to any objection to the R&R. Accordingly, the Court reviewed the R&R for clear error and found none. For these reasons,

and because Plaintiff failed to provide any evidence to refute the Magistrate Judge's recommendations beyond bare conclusory statements, and failed to point to any reference to specific factual or legal findings or recommendations, Plaintiff's objections are overruled. ECF No. 151.

### III. CONCLUSION

Because the objections filed are insufficient or otherwise overruled, the Court has reviewed the R&R under the appropriate standard and **ADOPTS** the R&R in its entirety [ECF No. 142]. Defendants Bush, Warrick, Shepherd, and Private Services are **DISMISSED**. Finally, Plaintiff Thetford's motion to preserve opportunity to respond is **DENIED** as moot. ECF No. 140. This action is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all pro se parties via certified mail, return receipt requested, at each last known address shown on the docket, and to counsel of record via email.

**DATED:** March 7, 2022

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE